1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  VERA JOHNSON,

11              Plaintiff,

12      v.

13  GREEN TREE SERVICING, LLC, et
    al.,

14

            Defendants.

15

CASE NO. C15-1685JLR

ORDER OF DISMISSAL

16                    **I.    INTRODUCTION**

17      This matter comes before the court on Defendants Green Tree Servicing, LLC

18  ("Green Tree") and Federal National Mortgage Association's ("Fannie Mae") motion to

19  dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Green Mot. (Dkt. # 8);

20  Reply (Dkt. # 14)), and Defendant Bank of America, N.A.'s ("BANA") motion to

21  dismiss pursuant to Rule 12(b)(6) (BANA Mot. (Dkt. # 15)).  Plaintiff Vera Johnson

22  opposes Green Tree and Fannie Mae's motion to dismiss (Resp. (Dkt. # 13)), but has not

ORDER- 1

1  filed an opposition to BANA's motion (*see generally* Dkt.).  The court has reviewed the

2  motions, all submissions filed in support thereof and opposition thereto, the relevant

3  portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS

4  Green Tree and Fannie Mae's motion to dismiss, GRANTS BANA's motion to dismiss,

5  and DISMISSES Ms. Johnson's complaint without prejudice and with leave to amend.

6                              **II.      BACKGROUND**

7  **A. Allegations in the Complaint**

8          This case concerns a notice of rescission that Ms. Johnson sent on August 13,

9  2015.  (Compl. (Dkt. # 1) ¶ 5.)  Ms. Johnson alleges that she sent BANA, Green Tree,

10  and Fannie Mae each a copy of the notice via certified mail in an effort to rescind her

11  loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*  (Compl.

12  ¶¶ 5-6, Ex. A ("Notice of Rescission").)  Ms. Johnson alleges that she attached the same

13  notice to her complaint as Exhibit A.  (Compl. ¶ 5.)  The attached notice of rescission,

14  referencing loan number 89472868, provides the only detail that Ms. Johnson alleges

15  about the loan she seeks to rescind ("the subject loan").[2]  (Notice of Rescission.)  Ms.

16  Johnson's complaint makes no direct reference to number 89472868 and provides no

17

18

19
          ────────────────

20          [1] No party has asked for oral argument concerning these motions, and the court deems it
to be unnecessary.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

21          [2] No party has tied loan number 89472868, which appears to be the subject of Ms.
Johnson's complaint, to the allegations and arguments made in the present motions.  (*See*

22  *generally* Compl. (failing to mention number 89472868); Green Mot.; Resp.; Reply; BANA
Mot.; *see also* Varallo Decl. (Dkt. # 16) (providing documents for loan number 142180100).)

1  detail about the consumer credit transaction beyond general references to "a loan

2  transaction," "[t]he loan contract," and "[t]he mortgage." (Compl. ¶¶ 5, 9, 11.)

3       Ms. Johnson alleges that upon receipt of the notice, all three defendants failed to

4  cancel the note for the subject loan and instead are continuing to process the foreclosure

5  of her home. (*Id.* ¶¶ 12-13, 25; *see also* Resp. at 1 ("The Notice of Trustee's Sale was

6  issued on or about October 7, 2015 . . . .").) On October 23, 2015, Ms. Johnson filed this

7  action seeking enforcement of her rescission. (*See* Compl.; Resp. at 2.)

8  **B. Arguments in the Present Motions**

9       On November 23, 2015, Green Tree and Fannie Mae filed their motion to dismiss,

10  arguing that Ms. Johnson's notice of rescission was untimely and therefore ineffective.

11  (Green Mot.) They assert that Ms. Johnson executed an initial loan agreement around

12  December 8, 2004, and that Ms. Johnson later refinanced her loan around September 8,

13  2006.[3] (*See id.* at 2.) Green Tree and Fannie Mae contend that both the 2004 loan and

14  the 2006 loan were secured by deeds of trust against Ms. Johnson's residence, located at

15  10223 26th Ave. SW, Seattle, WA 98146. (*Id.*) The King County Auditor recorded a

16  deed of trust to secure each loan. (Green Mot. Ex. A ("St. Ct. Compl.") ¶¶ 12, 15.)

17       On January 11, 2016, BANA filed its motion to dismiss, in which BANA also

18  argues that Ms. Johnson's notice of rescission was untimely and therefore ineffective.

19  (BANA Mot.) BANA's motion assumes the 2006 loan is the subject loan in this matter.

20

21  [3] Ms. Johnson does not allege when the loan transaction in question occurred, but she
22  also does not challenge Green Tree and Fannie Mae's assertions that she signed loan contracts,
    secured by a deed of trust against her residence, in 2004 and 2006. (*See* Compl.; Resp.)

1   (*See generally id.*)  Ms. Johnson responded to Green Tree and Fannie Mae's motion to

2   dismiss but failed to respond to BANA's motion.[4]  (Dkt.)

3                                **III.   ANALYSIS**

4   **A. Standard for a Motion under Rule 12(b)(6)**

5          Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a

6   complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

7   12(b)(6).  In ruling on a motion to dismiss, the court must construe the complaint in the

8   light most favorable to the non-moving party.  *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956

9   (9th Cir. 2009).  The court must accept all well-pleaded allegations of fact as true and

10  draw "all reasonable inferences in favor of the plaintiff."  *Id*.  However, legal conclusions

11  and other conclusory statements receive no presumption of truth.  *See Ashcroft v. Iqbal*,

12  556 U.S. 662, 678 (2009).

13         Dismissal is appropriate where a complaint fails to allege "enough facts to state a

14  claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15  570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content

16  that allows the court to draw the reasonable inference that the defendant is liable for the

17  misconduct alleged."  *Iqbal*, 556 U.S. at 678.  As a result, a complaint must contain

18  "more than labels and conclusions, and a formulaic recitation of the elements of a cause

19  _____

20  [4] Failure to respond to an argument may be treated as an admission that the argument has
    merit.  *See* Local Rules W.D. Wash. LCR 7(b)(2); *see also Lombardi v. Columbia Recovery*
21  *Grp., LLC*, No. C12–1250 RSM, 2013 WL 5569465, at *4 (W.D. Wash. Oct. 9, 2013).
    However, because most of Ms. Johnson's arguments in opposition to Green Tree and Fannie
22  Mae's motion could also apply to BANA's motion, the court considers Ms. Johnson's arguments
    with respect to both motions.  (*See* BANA Mot. at 6-9; *see generally* Resp.)

ORDER- 4

1    of action will not do." *Twombly*, 550 U.S. at 555. In the event dismissal is warranted,

2    however, leave to amend should be granted unless amendment would be futile. *Lopez v.*

3    *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

4    **B.  Violation of TILA**

5            Ms. Johnson believes she has a right to rescind the subject loan pursuant to TILA,

6    15 U.S.C. § 1635. (*See* Compl. ¶¶ 4, 8-14.) TILA allows borrowers in some types of

7    consumer credit transactions to rescind their loan agreements unconditionally within

8    three business days of the transaction. 15 U.S.C. § 1635(a); *see also Jesinoski v.*

9    *Countrywide Home Loans, Inc.*, --- U.S. ---, 135 S. Ct. 790, 792 (2015). TILA also

10   provides a conditional right to rescind for up to three years after the consummation of a

11   loan, but only if the lender fails to satisfy the TILA disclosure requirements. *See* 15

12   U.S.C. § 1635(f); *Jesinoski*, 135 S. Ct. at 792.

13           The conditional and unconditional rights of rescission under TILA apply only to

14   certain transactions. *See* 15 U.S.C. § 1635(e). A consumer's right to rescind a credit

15   transaction under TILA does not extend to "a residential mortgage transaction," 15

16   U.S.C. § 1635(e)(1), which TILA defines as "a transaction in which a . . . deed of

17   trust . . . is created or retained against the consumer's dwelling to finance the acquisition

18   or initial construction of such dwelling," 15 U.S.C. § 1602(x).[5] Additionally, the right of

19

20           [5] Pursuant to TILA, the right of rescission does not apply to "a residential mortgage
21   transaction as defined in Section 1602(w) of this title." 15 U.S.C. § 1635(e). The court
     interprets the cross-reference to direct the reader to the definition of "residential mortgage
     transaction" in Section 1602(x), not the definition of "dwelling" in Section 1602(w). *See*
22   *Middleton v. Guaranteed Rate, Inc.*, No. 2:15-cv-00943-RCJ-GWF, 2015 WL 3934934, at *3 n.1

ORDER- 5

1   rescission under TILA does not extend to "a transaction which constitutes a refinancing

2   or consolidation (with no new advances) of the principal balance then due and any

3   accrued and unpaid finance charges."  15 U.S.C. § 1635(e)(2).

4         If Section 1635 applies to a borrower's consumer credit transaction, the borrower

5   can execute the right of rescission by notifying the lender.  15 U.S.C. § 1635(a);

6   *Jesinoski*, 135 S. Ct. at 792 ("The language [of Section 1635(a)] leaves no doubt that

7   rescission is effected when the borrower notifies the creditor of his intention to rescind.").

8   However, the borrower must rescind the loan within the time constraints prescribed in the

9   statute.  15 U.S.C. § 1635(f); *Jesinoski*, 153 S. Ct. at 792 (emphasis in original) (quoting

10  15 U.S.C. § 1635(f)) ("[T]his conditional right to rescind does not last forever.  Even if a

11  lender *never* makes the required disclosures, the 'right of rescission shall expire three

12  years after the date of consummation . . . .'").  The time constraint in TILA "is a three-

13  year statute of repose, requiring dismissal of a claim for rescission brought more than

14  three years after the consummation of the loan secured by the first trust deed."  *McOmie-*

15  *Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1326 (9th Cir. 2012); *see also Beach v.*

16  *Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that Section 1635(f) "completely

17  extinguishes" a right of rescission after three years).

18        Ms. Johnson's complaint suffers from two flaws.  First, the court cannot plausibly

19  infer from the complaint that the subject loan qualifies as the type of transaction for

20

21  _____

22  (N.D. Cal. June 25, 2015) (explaining that the 2010 TILA amendments shifted the definitions in
    Section 1602 by one letter).

1  which a right of rescission exists.[6]  A borrower's right to rescind under TILA does not

2  apply to transactions that create a deed of trust against the same home that the borrower

3  purchases with the loan.  15 U.S.C. §§ 1602(x), 1635(e)(1) .  Furthermore, a borrower's

4  right to rescind under TILA does not apply to home loans that are refinanced unless those

5  transactions include new fund advances.  15 U.S.C. § 1635(e)(2).  On this basis alone,

6  Ms. Johnson fails to allege facts that allow the court to infer she ever had a right to

7  rescind the subject loan.[7]

8        Second, even if Ms. Johnson's loan is the type that qualifies for rescission under

9  TILA, the allegations in her complaint fail to give rise to a plausible inference that she

10  timely executed that right.  Ms. Johnson does not provide any factual allegations to

11  inform the court how or when the subject loan came into existence.  (*See* Compl.; Resp.)

12  Apart from the loan number, none of the parties have provided any details specific to the

13  subject loan.  (*See generally* Compl.; Green Mot.; Resp.; Reply; BANA Mot.; *see also*

14  Varallo Decl. (providing documents for a different loan).)  Green Tree, Fannie Mae, and

15  BANA suggest, and Ms. Johnson does not contest, that the subject loan is either the

16  December 8, 2004, loan or the September 8, 2006, loan.  (Green Mot. at 2; BANA Mot.

17  _____

18  [6] The complaint explains only that "[t]his property is unique in that it is a residential
home that is owned by [Ms. Johnson] and [sic] who has made a substantial investment in the
19  property and the property contains their [sic] personal items."  (Compl. ¶ 17.)

20  [7] The court recognizes that the parties have not raised this issue.  Nevertheless, because
Section 1635 is the only authority for rescission asserted by Ms. Johnson (*see generally* Compl.),
21  the court raises the issue *sua sponte*.  Even if the court found that Ms. Johnson's notice was
timely, a timely notice of rescission does not change the type of transactions for which a right of
22  rescission exists under Section 1635.  *See* 15 U.S.C. § 1635 ("Right of rescission as to certain
transactions.").

ORDER- 7

1    at 1; *see generally* Compl.; Resp.)  Ms. Johnson did not send her notice of rescission until

2    August 13, 2015.  (Compl.)  Thus, even drawing all reasonable inferences in favor of Ms.

3    Johnson, the court finds no basis to infer that her rescission was timely.

4        Ms. Johnson first argues that rescission is effective upon mailing, regardless of

5    when mailing occurs.  (*See* Resp. at 2 ("It appears defendants fundamentally

6    misunderstand this lawsuit and the rescission issue under TILA . . . . Plaintiff files this

7    lawsuit to *enforce* the rescission because defendants failed to [appropriately respond to

8    the notice of rescission].").)  Ms. Johnson's interpretation of TILA is incorrect.  A

9    borrower's rescission is effective upon mailing only if (1) the borrower's type of

10    consumer credit transaction qualifies under TILA, and (2) the notice of rescission is

11    mailed within the established time period.  15 U.S.C. § 1635(a), (e), (f); *Jesinoski*, 153 S.

12    Ct. at 792.  The statute and relevant case law make clear that a borrower's right to rescind

13    expires after the three-year period.  *See, e.g.*, *Beach*, 523 U.S. at 412.  In other words,

14    once the right to rescind expires, the borrower cannot execute the right.[8]

15    //

16    //

17    //

18

---

19    [8] Ms. Johnson cites to *Paatalo v. JP Morgan Chase Bank* to support her position.  (Resp. at 5 (citing --- F. Supp. 3d ---, No. 6:15-cv-01420-AA, 2015 WL 7015317 (D. Or. Nov. 12, 2015)).)  Her own interpretation of that case, however, confirms that rescission is not effective

20    unless notice is mailed within the statutory period.  (Resp. at 5 ("In *Paatalo*, it was undisputed that more than three years had passed since the consummation of plaintiff's 2006 loans and

21    plaintiff's right to rescind, if not yet exercised [sic] had expired."); *see also Paatalo*, 2015 WL 7015317, at *3 (explaining that because more than three years passed since the consummation of

22    the subject loan, if the plaintiff had not yet exercised the right to rescind, that right had expired).

ORDER- 8

1       Ms. Johnson also attempts to address the timeliness issue by raising the possibility

2   that the loan was never consummated.[9]  (*See* Resp. at 3.)  She asserts that the court cannot

3   presume consummation until after discovery is conducted on the matter.  (*See* Resp. at 3,

4   6.)  At this stage, the court views factual allegations in the complaint in the light most

5   favorable to Ms. Johnson.  *al-Kidd*, 580 F.3d at 956.  However, Ms. Johnson must

6   actually allege facts that, if true, would support her claims.  *Iqbal*, 556 U.S. at 678.  The

7   court cannot infer a problem with consummation because Ms. Johnson has not pleaded

8   any facts to support such an inference.  (*See generally* Compl.)

9       Accordingly, the court grants Green Tree and Fannie Mae's motion and BANA's

10  motion[10] and dismisses Ms. Johnson's complaint pursuant to Rule 12(b)(6).

11  **C. Leave to Amend**

12      As a general rule, when a court grants a motion to dismiss, the court should

13  dismiss the complaint with leave to amend.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316

14  F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  The policy favoring

15  amendment is to be applied with "extreme liberality."  *Id.* at 1051.  In determining

16  _____

17      [9] Regulation Z provides that for TILA purposes, "[c]onsummation means the time that a
    consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 1026.2(a)(13).

18  State law governs whether a contractual obligation has been established for purposes of
    Regulation Z.  *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).  Ms. Johnson's only

19  challenge to consummation suggests that "if the loan was never actually funded, but was part of
    a hedge fund investing scheme . . . then the loan was never consummated, for example."  (Resp.

20  at 3 (emphasis omitted).)  This hypothetical fails to support a plausible inference that the subject
    loan was not consummated because Ms. Johnson does not connect her hypothetical situation with

21  specific allegations about the subject loan.  (*See generally* Resp.)

22      [10] BANA also argues that it is not a proper party to the action.  (BANA Mot. at 10-11.)
    Given the lack of clarity regarding the subject loan, the court cannot so conclude at this stage.

1  whether dismissal without leave to amend is appropriate, courts consider such factors as

2  "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

3  cure deficiencies by amendments previously allowed, undue prejudice to the opposing

4  party by virtue of allowance of the amendment, and futility of amendment." *Foman v.*

5  *Davis*, 371 U.S. 178, 182 (1962).

6        In light of these principles, the court concludes that leave to amend is appropriate.

7  Ms. Johnson fails to plausibly allege that Section 1635 applies to the subject loan.

8  Moreover, Ms. Johnson fails to articulate how or when the subject loan came into

9  existence.  Without these details, the court cannot plausibly infer that Ms. Johnson's

10  rescission was timely.  Although Ms. Johnson therefore fails to state a claim in her

11  complaint, the court cannot say at this point that she could not cure the identified

12  deficiencies by amendment.  Thus, leave to amend is appropriate.

13        If Ms. Johnson chooses to amend her complaint, the court instructs her to address

14  the deficiencies discussed in this order.  Failure to cure the identified deficiencies may be

15  interpreted by the court as an indication that further amendment would be futile and

16  dismissal with prejudice is warranted.

17                    **IV.    CONCLUSION**

18        For the foregoing reasons, the court GRANTS Green Tree and Fannie Mae's

19  motion to dismiss (Dkt. # 8), GRANTS BANA's motion to dismiss (Dkt. # 15), and

20  DISMISSES Ms. Johnson's complaint without prejudice and with leave to amend.  If Ms.

21  //

22  //

ORDER- 10

1  Johnson wishes to proceed with this case, she must file an amended complaint within 10

2  days of the date of this order.  If Ms. Johnson fails to file an amended complaint within

3  that timeframe, the court will dismiss this case without prejudice and without leave to

4  amend.

5          Dated this _6th_ day of April, 2016.

6

7                                       JAMES L. ROBART

8                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 11